```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ROBERT A. MAJEWSKI,

                         Plaintiff,           05-CV-0680

             v.                                **DECISION
                                                and ORDER**
MICHAEL J. ASTRUE¹, Commissioner
of Social Security

                         Defendant.
_____
```

### INTRODUCTION

Plaintiff Robert A. Majewski ("Plaintiff") brings this action pursuant to the Social Security Act § 216(i) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits.[2] Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") Timothy M. McGuan denying his application for benefits was against the weight of substantial evidence contained in the record and contrary to applicable legal standards.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12(c)"), on grounds that the ALJ's

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for his predecessor Commissioner JoAnne B. Barnhart as the proper defendant in this suit.

[2] This case was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated July 13, 2007.

decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was erroneous. The Court finds that the decision of the Commissioner for the reasons set forth below, is supported by substantial evidence, and is in accordance with applicable law and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

## BACKGROUND

On March 18, 1998, Plaintiff, at that time a 60 year-old, mechanic filed an application for Disability Insurance Benefits under title II, § 216(i) and § 223 of the Social Security Act ("the Act") claiming a disability since August 19, 1997, due to depression, anxiety, and alcohol abuse.[3] A review of the claimant's earning record revealed that he had earned an amount of $10,423.04 in 1998, however, this was determined to be back pay and therefore, Plaintiff's establishment of disability was to be on or prior to August 19, 1997. Plaintiff's application was denied by the Social Security Administration ("the administration") initially in September 1998, and on reconsideration in December 1998. Plaintiff filed a timely request for hearing on January 25, 1999.

Thereafter, Plaintiff appeared, with counsel, in an

---

[3] The Court notes that there is an inconsistency as to when Plaintiff filed his application for Disability Insurance Benefits. The record dates the application as March 18, 1998 whereas the ALJ dates the application as March 18, 1997.

administrative hearing before ALJ Timothy McGuan on November 12, 1999.[4] In a decision dated January 28, 2000, the ALJ determined that the Plaintiff was not disabled.  The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review on December 16, 2002. Plaintiff filed an action in this Court and in a decision dated December 9, 2003, by the Honorable William Skretny the case was remanded to the Commissioner for the lack of description of the physical and mental demands required in the performance of Plaintiff's past relevant work.

A subsequent hearing was held on August 24, 2004, and Plaintiff appeared with counsel before ALJ Timothy McGuan pursuant to the remand. In a decision dated February 17, 2005, the ALJ again found Plaintiff to be not disabled and, therefore, not entitled to Disability Insurance Benefits prior to December 31, 2003, the date his disability insured status expired. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on July 10, 2005. On September 22, 2005, Plaintiff filed this action.

---

[4] The Court notes that there is an inconsistency as to the date of the administrative hearing. The record dates the hearing as November 12, 1998 whereas the ALJ dates the hearing as November 11, 1998.

**DISCUSSION**

I. **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts

are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

**II.  The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ in his decision found that Plaintiff was not disabled within the meaning of the Social Security Act. In doing so, the ALJ adhered to the Social Security Administration's 5-Step sequential evaluation analysis for evaluating appointments for disability benefits. <u>See</u> 20 C.F.R. § 404.1520.[5] Under Step 1 of the process, the ALJ found that Plaintiff had not engaged in substantial gainful activity between his alleged onset of disability, August 19, 1997, and the date he was last insured, December 31, 2003. (Transcript of Administrative Proceedings at pages 469, 481) (hereinafter "T.").

At Steps 2 and 3, the ALJ found that Plaintiff had non-severe impairments such as neck and back pain, chest pain, palate lesion

---

[5]Five-step analysis includes: (1) ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, ALJ considers whether claimant has severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, third inquiry is whether, based solely on medical evidence, claimant has impairment which is listed in regulations Appendix 1, and if so, claimant will be considered disabled without considering vocational factors; (4) if claimant does not have listed impairment, fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, ALJ determines whether claimant could perform other work. <u>See</u> <u>id.</u>

psoriasis, gastroesophagel reflux disease, chronic obstructive pulmonary disease, lack of peripheral vision in right eye and depression. (T. at 469). Further, the ALJ concluded that Plaintiff's long history of alcohol abuse was severe within the meaning of the Regulations and met section 12.09B in the listing of impairments. (T. at 477, 481). However, the ALJ held that if Plaintiff stopped alcohol abuse and became fully complaint with his prescribed medications, his medical findings would not be severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (T. at 477, 481).

Further, at Steps 4 and 5, the ALJ found that from Plaintiff's alleged onset disability date, August 19, 1997, and continuing through Plaintiff's last insured date for disability, December 31, 2003, when Plaintiff stopped abusing alcohol and was complaint with medical treatment, Plaintiff had a residual functioning capacity to lift/carry no more than a 100 pounds occasionally and 50 pounds frequently. (T. at 480, 481). Additionally, Plaintiff could sit, stand and/or walk (with normal breaks and meal periods) about six hours during the course of an eight-hour workday and was able to perform push/pull activities with his extremities. (T. at 480, 481).

Moreover, the ALJ found that Plaintiff could perform work at all levels of exertion and concluded that Plaintiff's past work as

a mechanic, garage supervisor and maintenance foreman, did not exceed his residual functioning capacity and therefore, Plaintiff was capable of performing his past relevant work. (T. at 480-82). The ALJ found that, "the [plaintiff's] alcohol abuse was a contributing factor material to the determination that the [Plaintiff] was not disabled." (T. at 482).

### A. The ALJ properly concluded that Plaintiff's alcohol abuse was a contributing factor material to Plaintiff's disability.

The Social Security regulations require that, if a plaintiff's alcohol abuse is a contributing factor to his disability, he is precluded as a matter of law from receiving benefits. 20 C.F.R. § 404.1535. I find that the ALJ properly determined that Plaintiff's alcohol abuse was a contributing factor that was material to the determination of his disability.

The medical evidence in the record shows that Plaintiff's alcohol abuse began as early as 1993. (T. at 163). The record reveals that, Plaintiff was hospitalized four times between December 1996 and January 1997 for alcohol counseling, supervised detoxification and alcohol rehabilitation. (T. at 179, 234, 236, 249). During his treatment in December 1996 Plaintiff admitted that the severe uncontrollable shakiness of his extremities and his body was due to his drinking problem. (T. at 179). Plaintiff also stated that he had a history of alcohol abuse for many years and had been to many detox programs in the past. (T. at 179). Plaintiff also

admitted that his drinking had significantly increased over the previous year to a point where he was consuming eight shots of vodka a day. (T. at 179).

After the death of his wife in March 1997, which was subsequent to the death of his mother-in-law in December 1995 and father-in-law in February 1996, Plaintiff was hospitalized in July 1997 and later in August 1997 for episodic alcohol abuse, acute alcohol intoxication and depression. (T. 323, 213). Further, Plaintiff was hospitalized from January 1998 to April 1998 for acute alcohol intoxication, alcohol dependency and depressive disorder. (T. at 307, 209, 232, 342). Plaintiff also received inpatient alcohol rehabilitation at a residential treatment facility from May 1 to June 14, 1998. (T. at 252, 255-72). The record reveals that Plaintiff relapsed in September 1998 because he had stopped taking his medications. (T. at 400).

In December 1998, Plaintiff was arrested for DWI and spent several weeks in the hospital between January and February 1999 for depressive disorder and alcohol dependence. (T. at 451, 599-620). I find that the record contains substantial evidence that Plaintiff was an alcohol abuser and suffered from related depression. Plaintiff has had several opportunities for rehabilitating himself but fell into remission and continued alcohol abuse which became a contributing factor material to his claim of disability.

### B. **The ALJ evaluated Plaintiff's subjective complaints and correctly found that Plaintiff could perform his past relevant work.**

I find that the substantial evidence is contained in the record including Plaintiff's own statements which supports a finding that Plaintiff had neither mental nor physical impairments that would prevent him from performing work. Plaintiff reported no difficulty with his ability to work, other than his ability to drive to work because he had lost his driver's license as a result of a DWI correction. (T. at 177). Additionally, Plaintiff stated that he was unable to function on a daily basis, which was during the time that his medical reports revealed that he was drinking heavily. (T. at 323-28).

#### 1. **Plaintiff's reported mental symptoms are not disabling.**

Starting on December 12, 1996, Plaintiff's mental status examinations have been unremarkable. (T. at 206). Although Plaintiff was admitted to the emergency room on July 7, 1997, after calling a crisis center to report feeling distressed over his wife's death, Plaintiff denied any suicidal thoughts. (T. at 323). Additionally, in a hospital visit on August 19, 1997, there were no gross deficits found in Plaintiff's orientation, memory, or general intellectual functioning. (T. at 215). A mental status examination conducted on August 25, 1997, showed that Plaintiff had adequate intellectual functioning and his short and long term memory was

intact. (T. at 437). Moreover, the record contains sufficient evidence that Plaintiff denied any suicidal ideation or intent when he was sober. (See, e.g., T. at 432).

Further, the medical records are consistent with the opinions of the State Agency physicians. On September 8, 1997, Plaintiff told Dr. Daniel H. Trigoboff, a clinical psychologist, that he was coping a "little better" with his wife's death and was remaining sober. (T. at 432). Dr. Trigoboff opined that Plaintiff's motor behavior was unremarkable and his affect was appropriate. (T. at 433). Additionally, at a psychotherapy session in December 1997, Plaintiff's mental status examinations were within normal limits. (T. at 230). Moreover, on August 11, 1998, Dr. Hak Jin Ko, Plaintiff's reviewing physician, opined that Plaintiff had no serious depression or cognitive improvement, and could understand, remember and carry out both simple and complex instructions. (T. at 276-78).

Plaintiff relapsed in September 1998 but it was because Plaintiff had discontinued his antidepressants and dropped out of the mental health treatment. (T. at 400). However, in an evaluation with Dr. David Kowalski on December 8, 1998, Plaintiff described himself as a happy person who enjoyed exercising everyday. (T. at 354-55). Based on the totality of the medical evidence, I find that Plaintiff failed to establish that his impairments caused mental functional limitations that precluded him from performing work.

### 2. **Plaintiff's physical examinations failed to demonstrate any disabling physical impairments**.

Plaintiff was diagnosed for chronic obstructive pulmonary disorder by his treating physician Dr. Nicholas Varallo, in October 1997. A cervical spinal x-ray showed some degenerative changes at C5, C6, and C7, which did not rise to the level of disability. (T. at 334). Additionally, Plaintiff's pulmonary function tests were within normal limits even though Plaintiff continued to smoke. (T. at 358-67). Moreover, Dr. Kowalski's physical examination on December 8, 1998 was negative of abnormality in Plaintiff's spine, joints, or extremities which could limit his exertional activities. (T. at 355-56).

Dr. Charles Oh, Plaintiff's reviewing physician, also opined in December 1998, that Plaintiff had no exertional limitations. (T. at 369). I find that the ALJ properly weighed Plaintiff's reviewing physicians' opinions and determined that Plaintiff had no physical limitations caused by his impairments that would limit his ability to perform work.

### 3. **Plaintiff's own statements and activities establish that he is not disabled.**

A Court must uphold the Commissioner's decision to discount a claimant's complaints of pain and other subjective complaints if the finding is supported by substantial evidence. <u>Aponte v. Secretary, Dep't of Health and Human Servs.</u>, 728 F.2d 588, 591 (2d Cir. 1984). The ALJ did not find Plaintiff's allegations "of total

and continuing disability to be credible supported by the medical evidence of record as a whole." (T. at 477-78). The record shows that Plaintiff had been drinking when he made suicidal statements requiring intervention, but always denied suicidal feelings when he was sober. (See, e.g., T. at 214, 217). I find that the ALJ properly discounted Plaintiff's opinions based on his own testimony and the medical evidence in the record.

When Plaintiff was not drinking, he denied any depression and described himself as being happy. (T. at 355). In fact Plaintiff himself told his counselor that his depression was due to his drinking, and that he had no symptoms when he stopped drinking. (T. at 478). Additionally, Plaintiff admitted to "an extensive history of alcohol dependence." (T. at 257). Moreover, Plaintiff was asked to resign from his job when due to performance problems caused by alcoholism, not because he was disabled. (T. at 261, 301, 439). Further, in determining Plaintiff's residual functioning capacity, the ALJ accepted testimony from Mr. Jay Steinbrenner, a vocational expert, who stated that Plaintiff could still perform his past work as a school bus garage supervisor. (T. at 751-58).

In light of the medical testimony by Plaintiff's physicians I find that the ALJ correctly concluded that Plaintiff had no physical or mental limitations to perform his past relevant work and that alcohol was a contributing factor that was material to the determination of Plaintiff's disability.

**CONCLUSION**

Based on the entire record, and including the medical evidence in the record, I find that the ALJ properly concluded that Plaintiff was not disabled within the meaning of the Social Security Act. For the reasons set forth above, I grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         July 26, 2007